(119 App. Div. 11)

BOWEN v. LUDVIK et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

COURTS—MUNICIPAL COURT—DISMISSAL.

    Where, in summary proceedings, defendants set forth facts showing that the title to the property would come in question, and plaintiff, by proceedings pursuant to Municipal Court Act, Laws 1902, p. 1544, c. 580, §§ 179–182, could have secured a discontinuance of the proceedings and instituted a new action to determine the title in the Supreme Court, but failed to do so, a judgment of dismissal will not be disturbed on appeal.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Emma C. Bowen against Pauline Ludvik and another. From a judgment dismissing summary proceedings, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

James Z. Pearsall, for appellant.

Julius Levy, for respondents.

WOODWARD, J. Summary proceedings were brought by the petitioner, under section 2232 of the Code of Civil Procedure, to recover from alleged squatters the possession of certain land in the borough of Brooklyn. In their answer the defendants set forth facts showing that the title to the property would come in question, and if the proper practice had been followed thereupon, pursuant to sections 179–182 of the Municipal Court act (Laws 1902, p. 1544, c. 580), there would have been a discontinuance of the proceedings, and a new action could have been brought to determine the title in the Supreme Court. The defendants, however, did not deliver to the court with the answer a written undertaking, as provided by section 180, nor did the court countersign the answer, as required by section 179; but the petitioner proceeded to trial and did not take advantage of the defendants' failure to furnish the undertaking. At the close of the evidence, the court dismissed the proceedings, with permission to the petitioner to institute new proceedings.

As the Municipal Court has no jurisdiction to determine a disputed question of title, and as the most that the petitioner could properly obtain in that court would be a discontinuance, the judgment should be affirmed, without costs. All concur.